UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN GUERRA, on behalf of himself and all others similarly situated, | ) ) | |
| | ) | CASE NO. 1:17-cv-488 |
| Plaintiff, | ) | |
| v. | ) | **PLAINTIFF'S CLASS AND** |
| | ) | **COLLECTIVE ACTION** |
| PROGRESSIVE CASUALTY | ) | **COMPLAINT** |
| INSURANCE COMPANY, | ) | |
| | ) | **JURY DEMAND ENDORSED** |
| Defendant. | ) | **HEREON** |
| | ) | |

Plaintiff John Guerra, by and through counsel, for his Class and Collective Action Complaint against Defendant Progressive Casualty Insurance Company, states and alleges the following:

## INTRODUCTION

1.      This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio wage-and-hour statute, Ohio Rev. Code Ann. § 4111.03 *et seq.*

2.      Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to 29 U.S.C. § 216(b) ("Potential Opt-Ins").

3.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio's wage-and-hour statute (the "Ohio Class").

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.     This Court has supplemental jurisdiction over Plaintiff's claims under Ohio's wage-and-hour statute because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant's principle office is located in Mayfield Village, Ohio, Defendant conducts business throughout this District and Division, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7.     At all times relevant, Plaintiff John Guerra was a citizen of the United States. Plaintiff Guerra has worked for Defendant as an hourly employee in Mayfield, Ohio, within this district and division.

8.     Defendant is a corporation formed under the laws of the State of Ohio. Defendant's principal place of business is located at 6300 Wilson Mills Road, Mayfield Village, Ohio  44143.

9.     Defendant is registered to do business in the State of Ohio. Defendant regularly conducts business in the State of Ohio.

## FACTUAL ALLEGATIONS

### Defendant's Status As an "Employer"

10.     At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

11.     Defendant's hourly employees included Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class.

12.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Defendant's Business

13.     Defendant is an insurance company licensed to do business and issue insurance policies in the State of Ohio.

### Hourly Employees' Compensation

14.     Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class are current or former hourly employees of Defendant. They were paid hourly wages as well as regular, reoccurring incentive payments, such as child care subsidies and non-smoker bonuses.

15.     They frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA and the Ohio wage-and-hour statute.

### Defendant's Miscalculation of Overtime Compensation

16.     The FLSA, as well as Ohio law, required Defendant to pay overtime compensation to its hourly employees at one and one-half times their "regular rate," and to include in the

3

calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee," including regular, reoccurring incentive payments like child care subsidies and non-smoker bonuses. 29 U.S.C. § 207(e)(3); 29 C.F.R. 778.208, 778.217; Ohio Rev. Code Ann. § 4111.03(A) (incorporating FLSA standards); 34 Pa. Code § 231.41-.43.

17.     Defendant unlawfully excluded certain incentive payments that it paid to its hourly employees in determining their "regular rates" for purposes of overtime compensation. Defendant thereby miscalculated and underpaid the overtime compensation it paid to hourly employees, including Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class.

## COLLECTIVE ACTION ALLEGATIONS

18.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

19.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

20.     The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All present and former hourly employees of Defendant during the period three years preceding the commencement of this action to the present who were eligible for incentive payments, such as a child care subsidy and non-smoker bonus, and who worked more than forty hours in one or more workweeks during which they earned such incentive payments and bonuses.

21.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's

unlawful practice of excluding incentive payments, such as child care subsidies and non-smoker bonuses, the calculation of employees' "regular rates" for overtime compensation, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

22.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

23.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

24.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly employees of Defendant during the period two years preceding the commencement of this action to the present who were eligible for incentive payments, such as a child care subsidy and non-smoker bonus, and who worked more than forty hours in one or more workweeks during which they earned such incentive payments and bonuses.

26.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but aver, upon information and belief, that they consist of over 100 persons.  The number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

27.     There are questions of law or fact common to the Ohio Class, including, but not limited to:

    a) Whether Defendant miscalculated the overtime compensation it paid to Plaintiff and other class members by excluding incentive payments, such as child care subsidies and non-smoker bonuses from the calculation of their "regular rates" for purposes of overtime compensation.

    b) Whether Plaintiff and other class members would have received additional overtime compensation if incentive payments, such as child care subsidies and non-smoker bonuses, had properly been included in their "regular rates" of pay, and, if so, in what amount.

28.     Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories as the claims of other class members.

29.     Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

30.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine

Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

32.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached hereto as Exhibit A.

34.     The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate."  29 U.S.C. § 207(a)(1).

35.     Plaintiff and the Potential Opt-Ins should have been paid overtime compensation at the rate of one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.

36.     Defendant miscalculated and underpaid the overtime compensation it paid to Plaintiff and the Potential Opt-Ins by excluding incentive payments, such as child care subsidies and non-smoker bonuses from the calculation of their "regular rates."

37.     By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

38.     As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

39.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself, the Potential Opt-Ins who worked for Defendant in Ohio and who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

41.     At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

42.     Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by excluding incentive payments, nondiscretionary bonuses and/or insurance subsidies from the calculation of employees' regular rates for purposes of overtime compensation.

43. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins who worked for Defendant in Ohio, and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

44. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.      Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.      Enter judgment against Defendant and in favor of Plaintiff and other members of the FLSA Collective and the Ohio Class;

D.      Award compensatory damages to Plaintiff and other members of the FLSA Collective and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount; and,

E.      Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
Michaela Calhoun (0093546)
Nilges Draher LLC
7266 Portage Street NW, Suite D
Massillon, Ohio 44646
Phone:  330-470-4429
Facsimile: 330-754-1430
sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ *Shannon M. Draher*