UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN GUERRA, on behalf of himself and all others similarly situated, | ) CASE NO.: 1:17-CV-00488 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| vs. | ) |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | ) **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE** |
| Defendant. | ) |

**I.     INTRODUCTION**

Representative Plaintiff John Guerra and Defendant Progressive Casualty Insurance Company ("Progressive") respectfully move this Court to approve the proposed FLSA opt-in Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached as Exhibit A.

The proposed settlement will resolve bona fide disputes involving overtime compensation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Plaintiff asserted that Defendant Progressive unlawfully excluded child care subsidy payments that it paid to some of its hourly employees in determining their regular rates for purposes of computing overtime compensation. Plaintiff asserted, and Progressive has denied, that this failure resulted in Defendant's miscalculation and underpayment of overtime compensation it paid to its hourly employees, including Plaintiff.

If approved by the Court, the Settlement will provide for the issuance of notice to all Eligible Settlement Participants within fourteen (14) days. Eligible Settlement Participants will have thirty (30) days to join the Settlement by executing and returning Consent and Release Forms.

Because the proposed Settlement is an FLSA *opt-in* settlement, as opposed to a Rule 23 *opt-out* settlement that would bind absent class members, no fairness hearing is required or requested by the Parties.[1]

The Parties respectfully submit that the proposed Settlement is fair and reasonable, adequate and satisfies the criteria for approval under § 16(b) of the FLSA. The Settlement was achieved during arms-length negotiations among the Parties, conducted by experienced counsel, and reached on August 25, 2017. If approved by the Court, the Settlement will make settlement payments available to the Class Members who elect to participate in the Settlement.

The settlement documents submitted for approval or entry by the Court consist of the following:

    Exhibit A:    Joint Stipulation of Settlement and Release

    Exhibit B:    Notice of Settlement of Lawsuit, with attached Consent and Release Form entitled Consent to Opt-Into Lawsuit, Release, and Dismiss Claims

    Exhibit C:    General Settlement and Release Agreement

    Exhibit D:    Order of Dismissal and Approving Settlement

    Exhibit E:    Declaration of Class Counsel Anthony J. Lazzaro

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement and its proposed distributions of settlement proceeds.

---

[1] *See Moore v. Ackerman Inv. Co.*, C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzerenterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839, (M.D. Fla. Aug. 27, 2008) ("the Court determines that there is no need for a fairness hearing").

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Action

On March 9, 2017, Representative Plaintiff John Guerra filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged, among other things, that Defendant unlawfully excluded a child care subsidy that it paid to its eligible hourly employees in determining their regular rates of pay for purposes of computing overtime compensation, resulting in the miscalculation and underpayment of overtime compensation paid to Plaintiff and other hourly employees in violation of the FLSA, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03. On September 27, 2017, Plaintiff amended his Complaint to assert a claim solely under the FLSA related to the child care subsidy.

### B. Negotiation of The Settlement

Between May 2017 and August 2017, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims. This included the calculations of Plaintiff's and the Eligible Settlement Participants' alleged overtime damages.

Through their counsel, the Parties engaged in extensive legal discussion and correspondence surrounding their legal positions, providing legal authority and arguments on both sides. Between May 9, 2017 and August 25, 2017, the Parties engaged in extensive settlement negotiations, and on August 25, 2017, the Parties reached an agreement to settle the Action on the terms set forth in the Agreement attached as Exhibit A. The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

### C. The Settlement Terms

If approved by the Court, the Settlement will cover Representative Plaintiff and all of the Eligible Settlement Participants identified in Appendix 1 of the Settlement who elect to participate in the Settlement by signing and returning Consent and Release Forms ("Class Members").

The Total Eligible Settlement Amount is Forty-Seven Thousand Four Hundred Thirty-Five Dollars ($47,435.00), which sum will cover: (a) all of the Individual Payments to the Class Members, including the Class Representative Payment to Representative Plaintiff John Guerra; and (b) Class Counsel's attorneys' fees and expenses, including administering the notice mailing.

Nineteen Thousand Seven Hundred Thirty Dollars ($19,730.00) of the Total Eligible Settlement Amount will be divided into Individual Payments to the Class Members. The Individual Payments will be calculated individually on each Class Member's alleged overtime damages during the Calculation Period, as calculated by Defendant and approved by Class Counsel. The Individual Payments are provided in Appendix 1 of the Settlement. Any Individual Payments to Eligible Settlement Participants who do not execute and return Consent and Release Forms will be retained by Defendant.

Five Hundred Dollars ($500.00) of the Total Eligible Settlement Amount will be paid to Representative Plaintiff John Guerra, in addition to his Individual Payment, in exchange for signing a general release of all claims and wherein Progressive will agree to a limited release of claims against Representative Guerra. In addition, Twenty-Seven Thousand Two Hundred Five Dollars ($27,205.00) of the Total Eligible Settlement Amount will be paid to Class Counsel for attorneys' fees and expenses ($20,000.00 in fees, $1,205.00 in expenses incurred, and $6,000.00 in costs to administer the notice mailing) incurred in the Action.

In exchange, the Action will be dismissed with prejudice, and the Class Members will release Defendant from federal and state wage-and-hour claims, rights, demands, liabilities and

causes of action asserted in Plaintiff's Amended Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the FLSA and Ohio Minimum Wage Act, for the Released Period.

To inform Eligible Settlement Participants of the Settlement, the Parties have submitted, as Exhibit B, the proposed Notice of Settlement of Lawsuit, with an attached Consent and Release Form.  The Notice will be mailed to the Eligible Settlement Participants at their last known home addresses according to records maintained by Defendant, and any updated addresses obtained by Class Counsel.  The Eligible Settlement Participants who sign and return Consent Forms will participate in the Settlement and their claims will be released.  Pursuant to 28 U.S.C. § 1715, concurrent with the present Motion, Defendant is serving the required settlement related documents upon the appropriate State and Federal officials.  Due to 28 U.S.C. § 1715(d)'s requirement that at least 90 days pass between the dissemination of the requisite notices to the appropriate State and Federal officials and final approval of the proposed settlement, the parties request that the Court not issue an Order approving the Settlement until at least 100 days have passed from the Parties' filing of the present motion.

### III.    THE PROPRIETY OF APPROVAL

The proposed Settlement is subject to approval by the Court pursuant to § 16(b) of the FLSA.  As shown in the attached Declaration of Class Counsel Anthony J. Lazzaro (Exhibit E), and as explained below, Court approval is warranted on all scores.

#### A.    The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine

whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946)).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.*, 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3. As shown below and in the Lazzaro Declaration (*see* Exhibit E), the standard supports approval of the Settlement.

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999)). All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for Representative Plaintiff and the Class Members.

Here, the seven-factor standard supports approval of the Settlement. The parties' counsel have extensive experience litigating FLSA claims and there is no fraud or collusion. The expense

and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming. While no formal discovery has yet commenced, the Parties have engaged in substantial investigation prior to and during the negotiations, including substantial research and arguments relating to their legal positions, and the issues are well understood by both sides. The outcome is uncertain for the Class Members, and the risks of continued litigation are evident for both sides. The opinions of experienced counsel of the parties support the Settlement, as does the Representative Plaintiff.

All Individual Payments will be calculated individually on each Class Member's alleged overtime damages during the Calculation Period. The Calculation Period for the Class Members shall mean the period between March 9, 2014 and March 9, 2017.

If approved by the Court, the Proposed Settlement will provide adequate payments to the Class Members for alleged unpaid overtime compensation. From March 9, 2014 to March 9, 2017, Plaintiff alleges that he and the Class Members were allegedly denied $19,730.00 in overtime compensation for Defendant's failure to include child care subsidy payments in determining the regular rates for purposes of computing overtime compensation paid to Plaintiff and other employees for hours they worked over 40 each workweek.

Pursuant to the Settlement, each Class Member who participates in the Settlement will receive 100% of their alleged overtime compensation for Defendant's alleged failure to include child care subsidy payments in determining the regular rates for overtime compensation paid to Plaintiff and other employees for hours they worked over 40 each workweek. Within seven (7) days after the consent period is completed, a Schedule of Individual Payments to the Class Members will be filed with the Court. Accordingly, the settlement proceeds are fair, reasonable and adequate.

### C. Class Counsel's Fees and Expenses Are Proper and Reasonable

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

In *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley,* 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)).

Class Counsel's Declaration contains information that demonstrates the reasonableness of the proposed fees and expenses. *See* Exhibit E. The litigation expenses sought to be reimbursed are proper and reasonable. Expenses are estimated to be approximately $7,205.00. All expenses were incurred during the course of the litigation of this Action or will be incurred during the administration of the settlement notice.

### IV. **CONCLUSION**

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order of Dismissal and Approving Settlement attached as Exhibit D.

Respectfully submitted,

| | |
|---|---|
| /s/ Anthony J. Lazzaro | /s/ David A Posner |
| Chastity L. Christy (0076977) | David A. Posner (0042174) |
| Anthony J. Lazzaro (0077962) | Gregory V. Mersol (0030838) |
| Lori M. Griffin (0085241) | Gilbert P. Brosky (0079855) |
| The Lazzaro Law Firm, LLC | BAKER & HOSTETLER LLP |
| 920 Rockefeller Building | Key Tower |
| 614 W. Superior Avenue | 127 Public Square, Suite 2000 |
| Cleveland, Ohio 44113 | Cleveland, OH 44114-1214 |
| Phone: 216-696-5000 | Telephone: (216) 621-0200 |
| Facsimile: 216-696-7005 | Facsimile: (216) 696-0740 |
| anthony@lazzarolawfirm.com | dposner@bakerlaw.com |
| chastity@lazzarolawfirm.com | gmersol@bakerlaw.com |
| lori@lazzarolawfirm.com | gbrosky@bakerlaw.com |

Shannon M. Draher (0074304)   Attorneys for Defendant
Hans A. Nilges (0076017)
NILGES DRAHER LLC
7266 Portage Street NW, Suite D
Massillon, OH 44646
Telephone: (330) 470-4429
Facsimile: (330) 754-1430
sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

Class Counsel